## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

SOUTHEAST ARKANSAS HOUSING
ASSOCIATES, LIMITED PARTNERSHIP                                PLAINTIFF

v.                         No. 2:10-CV-2113

THE BENHAM COMPANIES, LLC                                      DEFENDANT

### MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiff Southeast Arkansas Housing Associates, Limited Partnership's ("SEAHALP") Motion for Partial Summary Judgment (Doc. 8), Brief in Support (Doc. 9), and Statement of Undisputed Facts (Doc. 10).  Defendant The Benham Companies, LLC ("Benham") has filed a Response (Doc. 15), Brief in Support (Doc. 16), and Statement of Material Facts as to Which a Genuine Issue Exists (Doc. 17).

For the reasons set forth herein, Plaintiff's Motion for Partial Summary Judgment (Doc. 8) is **DENIED**.

### I. Background

In 1968 the U.S. Congress passed the National Flood Insurance Act, which created the National Flood Insurance Program (42 U.S.C.A. § 4001 *et seq.* (1968)).  This insurance program was designed to reduce future flood losses through community management of the local floodplain, the flat or nearly flat area of land that is susceptible to flooding due to its proximity to a river or stream (http://www.fema.gov).  Along with the creation of

this flood insurance program, the government required that if a property owner wished to have his property removed from the designated floodway boundary area, community officials would be required to submit the request to the Federal Emergency Management Agency ("FEMA") in accordance with 44 C.F.R. § 65 *et seq.* (2009). FEMA in turn would then review the community's request and, if a subsequent change in the floodplain map were approved, issue a letter of revision to remove the property in question from the floodplain.

In the instant case, Plaintiff SEAHALP is an Arkansas limited partnership that owns an apartment complex which lies in the Monticello, Arkansas floodplain. Several years ago, Plaintiff and Defendant Benham were involved in litigation with other parties concerning flooding in a few of the apartment buildings near a tributary of Ten Mile Creek, which was adjacent to the property. Defendant Benham performed civil engineering work on the apartment complex, and after the flooding, Benham was made a party to the subsequent litigation.

In May of 2008, the parties agreed to dismiss the prior litigation with prejudice and enter into a Mediation Settlement Agreement ("Agreement").  The Agreement required Benham to do what was necessary to obtain a Conditional Letter of Map Revision ("CLOMR") from the U.S. Army Corps of Engineers to begin the process of having the apartment complex removed from the

floodplain.  The Agreement then required Benham to "pay for or perform the remedial work necessary to obtain a Letter of Map Revision ("LOMR")" from FEMA, using Benham's "best efforts . . . within twenty-four (24) months or less from the date of the separate Mediation Settlement Agreement . . ."  It was contemplated that the LOMR would effectively remove SEAHALP's property from the floodplain.

Benham obtained the CLOMR for the property at issue in April of 2008 by submitting the necessary documents and other materials to the City of Monticello.  The City in turn submitted the CLOMR application to FEMA, and FEMA granted the CLOMR.  Then on or before April of 2009, Benham undertook site work on SEAHALP's property in order to obtain the LOMR.

Benham did not obtain the LOMR within 24 months of the date of the Agreement with SEAHALP.  Furthermore, as of the date of this Order, Benham has not yet obtained the LOMR.  The only question for the Court to decide on summary judgment is whether a genuine dispute of material fact exists regarding Benham's liability to Plaintiffs for breach of the 2008 Agreement.  To determine the answer to this question, the Court must examine whether or not Benham used its "best efforts" to "pay for or perform the remedial work necessary to obtain [the LOMR]," as the Agreement required.

**II.  Standard of Review**

In determining whether summary judgment is appropriate, the

moving party bears the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) *(*citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983)*.*

In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.,* 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248(1986)); *see also Brinkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010)("the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy").

**III. Discussion**

The breach of contract issue central to Plaintiff's Motion for Partial Summary Judgment is whether the Defendant used its "best

efforts" to obtain the LOMR in a 24-month period. Simply because the LOMR has not been obtained within the time period does not mean that Defendant did not use its best efforts in attempting to obtain it. Both parties concede that obtaining the LOMR is a process involving approval and cooperation with City of Monticello officials and FEMA administrators, among others. The process is not wholly within Defendant's control.

Plaintiff contends Defendant failed to use its best efforts to obtain the LOMR because Defendant did not conduct the site work necessary to prevent Plaintiff's apartment complex from continuing to flood. Plaintiff also asserts that "[t]he LOMR has not been approved due to the continued flooding of the property." Further, Plaintiff states that the City of Monticello has halted the progress of the LOMR application because the City does not believe that Benham's remedial work at the site was sufficient. As proof of this assertion, Plaintiff cites to a letter from Defendant's counsel to the Mayor of the City of Monticello (Doc. 8-4) in which counsel states "the City feels the work that Benham has done has not kept the property from flooding."

Defendant Benham counters that its remedial site work in April of 2009 was sufficient to obtain the LOMR, and several other factors explain why the LOMR has not been granted to date, including lack of communication among City of Monticello administrators, changes in staff at the City-wide level, and City

5

officials' misunderstanding of the LOMR process.  Further, Benham provides numerous letters, a phone log, and an affidavit showing that Benham and its counsel have been in communication with City officials to obtain the letter needed for the LOMR.  Benham states that it has "diligently tried to get the necessary letter from the City" and "believes it is making progress."  Doc. 15, p. 5.

In reviewing the facts in a light most favorable to the non-moving party, as is required, the Court finds that Plaintiff has failed to meet its burden of establishing the absence of a genuine issue of material fact.  Plaintiff and Defendant disagree about whether Benham's 2009 remedial work was sufficient to obtain the LOMR.  The fact that the LOMR has not been granted does not mean that Defendant failed to meet its burden of using its best efforts to obtain the LOMR.  There are material disputes of fact regarding the reasons why the City of Monticello has failed to submit the letter necessary to complete the LOMR application process.  Whether that failure is administrative in nature and the City's fault due to oversight, misunderstanding, foot-dragging, or the like, or whether the failure is due to the City's dissatisfaction with some aspect of Benham's performance in the LOMR application process, the disputes of material fact remain, and summary judgment is inappropriate.

**IV. Conclusion**

Plaintiff's Motion for Partial Summary Judgment (Doc. 8) is

**DENIED.** The parties are ordered to appear for a settlement conference on Thursday, June 23, 2011, before Magistrate Judge James R. Marschewski. If the case does not settle, a bench trial is set for the week of July 26, 2011.

**IT IS SO ORDERED** this 2nd day of June 2011.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge